SERVICE COPY



D14188494

# CITATION

FREDERICK VON MCCAMMON JR., ET AL
(Plaintiff)

NUMBER C-747923 "24"

19TH JUDICIAL DISTRICT COURT

VS

PARISH OF EAST BATON ROUGE

STATE FARM FIRE & CASUALTY COMPANY
(Defendant)

STATE OF LOUISIANA

SERVED ON NANCY LANDRY
MAY 20 2024
SECRETARY OF STATE
COMMERCIAL DIVISION

TO:  STATE FARM FIRE & CASUALTY COMPANY
THROUGH ITS REGISTERED AGENT OF SERVICE OF PROCESS
LOUISIANA SECRETARY OF STATE

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party. Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court. This citation was issued by the Clerk of Court for East Baton Rouge Parish on **MAY 13, 2024.**



*Belinda Davis*
Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

**Requesting Attorney: TALIANCICH, MARY K.**
*The following documents are attached:
**PETITION FOR DAMAGES**

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**     After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

Deputy Sheriff
Parish of East Baton Rouge

RECEIVED
East Baton Rouge Sheriff Office
MAY 20 2024

**CITATION-2000**

EAST BATON ROUGE PARISH
Filed May 09, 2024 10:57 AM
Deputy Clerk of Court
E-File Received May 08, 2024 11:39 AM
C-747923
24

# 19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. _____                                                                DIV. " "

### FREDERICK VON McCAMMON JR and CANDICE CASON McCAMMON

### VERSUS

### STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____                                    _____
                                                           DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioners, Frederick Von McCammon, Jr. and Candice Cason McCammon (hereinafter "Petitioners"), and file their Petition for Damages against Defendant, State Farm Fire and Casualty Company (hereinafter "Defendant" or "State Farm"), respectfully averring as follows:

### I. PARTIES

1. Made Plaintiff herein is **FREDERICK VON McCAMMON, JR.** an adult resident of the Parish of East Baton Rouge.

2. Made Plaintiff herein is **CANDICE CASON McCAMMON** an adult resident of the Parish of East Baton Rouge.

3. Made Defendant herein is **STATE FARM FIRE AND CASUALTY COMPANY**, an insurer domiciled in the State of Louisiana who is authorized to do and is doing business in the State of Louisiana and the Parish of East Baton Rouge, which may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809.

### II. JURISDICTION AND VENUE

4. Jurisdiction is proper in the Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

5. Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 76.


Certified True and Correct Copy
CertID: 2024051300469

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
5/13/2024 11:56 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## III. RELEVANT FACTS

6. At all times relevant hereto, Petitioner, Frederick Von McCammon, Jr., owned the property located 14730 Mora Drive, Baton Rouge, Lousiana 70819 (hereinafter the "Property").

7. At all times relevant hereto, State Farm provided a policy of insurance, number 189972593 (the "Policy"), to Petitioners, which covered the Property against perils including wind and hail and provided the following coverages: $173,400.00 for the Dwelling; $17,340.00 for the Other Structures; $130,050.00 for Personal Property; and $52,020.00 for Loss of Use; *inter alia*.

8. On or around May 13, 2022, and/or May 30, 2022, a wind and/or hailstorm caused significant damage to Petitioners' Property.

9. Petitioners reported the loss to State Farm, who assigned it claim number 1841R863Z (hereinafter the "Claim").

10. On or about January 1, 2023, State Farm dispatched adjuster, Travis Adams, on its behalf, to inspect the property. The State Farm adjuster documented $1,431.40 RCV ($1,392.44) for damages to the dwelling, but after depreciating the loss and applying the Policy's $1,000.00 deductible, Petitioners were only allowed $392.44 for their substantial, covered loss.

11. State Farm's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

12. As a result of State Farm's failure to timely and adequately compensate Petitioners for their covered losses, Petitioners were forced to incur the expense of retaining counsel and other expenses to prosecute their claim.

13. On or about January 4, 2023, Exact Building Consultants (hereinafter "EBC") inspected the Property on behalf of Petitioners and created an estimate of damages documenting $46,426.72 RCV ($24,777.59 ACV) in damages to the dwelling.

14. On or around January 29, 2023, a demand for the release of unconditional tenders was sent to State Farm, along with the EBC estimate and supporting photographs demonstrating the loss.



Certified True and Correct Copy
CertID: 2024051300469

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
5/13/2024 11:58 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

15. This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

16. Thereafter, State Farm tendered only $392.44 for the damages to the Property's roof, interior, exterior and for debris removal. This amount was inadequate to allow Petitioners to restore their Property to its pre-loss condition.

17. As a result of State Farm's failure to timely and adequately compensate Petitioners for their substantial losses, Petitioners were forced to come out of pocket to replace the roof and the Property remains in a state of disrepair.

18. Upon information and belief, State Farm's failure to timely and adequately compensate Petitioners for their losses, after receiving satisfactory proof of loss, was purposeful or at least negligent.

19. Upon information and belief, State Farm purposely and/or negligently misrepresented to Petitioner the terms and condition of the Policy.

20. Upon information and belief, State Farm conducted the investigation and claims handling for Petitioners' claim in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

## IV. CAUSES OF ACTION

### A. Breach of the Insurance Contract

21. Petitioners reallege and re-aver the allegations contained in proceeding paragraphs, as if restated herein.

22. An insurance contract, the Policy, exists between Petitioners and State Farm.

23. The Policy provides coverages for perils including hurricanes.

24. Despite having received satisfactory proof of loss for damages caused by the wind and hail storm, State Farm failed to timely tender adequate insurance proceeds as required by the Policy.

25. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of State Farm's own inspection, State Farm breached the Policy.


Certified True and Correct Copy
CertID: 2024051300469

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
5/13/2024 11:56 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

26. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of the EBC estimate and supporting photographs, State Farm breached the Policy.

27. By purposely and/or negligently misrepresenting to Petitioners the terms and conditions of the Policy, State Farm breached the Policy.

28. By failing to conduct the claims handling for Petitioners' Claim in good faith and with fair dealing, State Farm breached the Policy.

29. Petitioners have suffered and continues to suffer damages as a result of these breaches of the Policy.

### B. Bad Faith

30. Petitioners reallege and re-aver the allegations contained in proceeding paragraphs, as if restated herein.

31. The actions and/or inactions of State Farm in failing to timely and adequately compensate Petitioners for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973—making State Farm liable for statutory bad faith penalties.

32. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

33. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

34. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

35. State Farm is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioners adequate payment in connection with their Claim, despite having received


**Certified True and Correct Copy**
CertID: 2024051300469

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
5/13/2024 11:56 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

satisfactory proof of loss following its own inspection of the Property and following its receipt of independent proofs of loss from EBC.

36. State Farm's misrepresentations of the relevant facts and/or the terms of the Policy was in bad faith.

37. State Farm's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

38. State Farm's failure to pay timely for damages it knew, or should have known, existed at the time it received the EBC estimate and supporting photographs was in bad faith.

39. State Farm's handling of Petitioners' Claim was in bad faith.

## V. DAMAGES

40. Petitioners reallege and re-aver the allegations contained in proceeding paragraphs, as if restated herein.

41. As a result of State Farm's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioners have incurred the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

    c. Reimbursement for personal repairs/mitigation at the property;

    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e. Additional Living Expenses;

    f. Mental anguish;

    g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

    h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## VI. JURY DEMAND

42. Petitioners request a trial by jury.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Petitioners, Frederick Von McCammon, Jr. and Candice Cason McCammon, pray that, Defendant, State Farm Fire and Casualty Company, be served with a copy

Page **5** of **6**


Certified True and
Correct Copy
CertID: 2024051300469

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
5/13/2024 11:56 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioners, Frederick Von McCammon, Jr. and Candice Cason McCammon, and against Defendant, State Farm Fire and Casualty Company, in an amount that will fully and fairly compensate Petitioners pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

*[signature]*

Galen M. Hair, La. Bar. No. 32865
Mary K. Taliancich, La. Bar No. 39357
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd., W, Ste. 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
hair@hstalaw.com
mtali@hstalaw.com

**PLEASE SERVE:**

**State Farm Fire and Casualty Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Ave.,
Baton Rouge, Louisiana 70809.


Certified True and Correct Copy
CertID: 2024051300469

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
5/13/2024 11:56 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).